Town of SHREWSBURY *v.* MOSES STONG and eighteen others.    RUTLAND,
                                                              *January,*
                                                               1838.

In an *audita querela*, brought by a town, to vacate a judgment or process
in favor of defendants, growing out of a petition by the latter for a road,
the defendants, upon nonsuit, are entitled to costs only as for a single
defendant.

THIS was an *audita querela* brought to vacate a judgment or process in favor of the defendants against the complainants, growing out of the petition by the defendants for a road through the towns of Shrewsbury and Clarendon.

The complainants became nonsuit in the county court, and that court taxed and allowed separate costs for the travel and term fees of each of the defendants, to which the complainants excepted.

*E. L. Ormsbee,* for complainants.
*R. R. Thrall,* for defendants.

The opinion of the Court was delivered by

ROYCE, J.—The defendants claim to tax separate travels and term fees. This privilege is never allowed to co-plaintiffs, because they necessarily proceed upon a joint right, and must all recover it together, or not recover at all. There can be no severance in the recovery. Neither does the statute, in terms, allow this mode of taxation to co-defendants; but, by construction, it has been held to entitle them to separate costs, generally, in actions sounding in tort. The reason is, that torts are in their nature joint and several. The defendants may plead separately, and are sometimes entitled to separate trials. And though they are tried together, on the plea of not guilty, one or more may be convicted, and the rest acquitted. It is in view of all this, that the rule as to costs has been established. In ordinary cases of tort, each defendant is properly regarded as defending for himself only. If it is apparent, however, that this is not the case, the court may control the rule ; as was done in the cases of *Paine* v. *Hathaway and his tenants,* Franklin County, January Term, 1828. The rule does not apply to co-defendants in actions on contract. Here the same principle governs, as in the case of co-plaintiffs. They are resisting the same liability, which must be established against all, or none can be subjected.

I have not thought it necessary to qualify these remarks by

any mention of those actions on contract, where one of several defendants may happen to be discharged on the ground of infancy, or the like, nor those to which the statute of 1835 may become applicable. It is sufficient to say, that any variations, occurring in such particular cases, are but exceptions to the general rules above stated, which remain in force, where no such ground of exception appears.

The object of the present suit was to vacate a judgment or process in favor of all the defendants. And if the object was attained against one defendant, it necessarily was against all. There could be no severance. The existence of that judgment and process is not disputed. In principle, therefore, the condition of the defendants fully corresponded with that of co-defendants in an action on contract. It is true, that the plea in these cases is, usually, not guilty ; but this is rather a matter of convenience and choice, than the result of any established principle of pleading. The practice has sometimes been different, as by traversing some decisive fact in the complaint, or by a general and express denial of all the facts alleged. There is nothing in the case which should distinguish it, for the present purpose, from an action on contract, and the costs must be taxed accordingly.

Judgment of county court reversed, and costs taxed as for a single defendant.